**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

**IN RE:**                                                    **CASE NO. 23-20104**

**STACY J. KIGHTLINGER
XXX-XX-2957
2650 FM 248
JEFFERSON, TX 75657-701812
DEBTOR**

**STACY J. KIGHTLINGER
PLAINTIFF**

**VS.**                                                      **ADVERSARY
                                                            PROCEEDING NO. _____**


**GOODLEAP LLC
DEFENDANT**


**COMPLAINT TO DETERMINE NATURE, EXTENT AND VALIDITY OF LIEN,
OBJECTION TO PROOF OF CLAIM #12-1
FILED BY QUANTUM3GROUP LLC AS AGENT FOR GOODLEAP LLC, AND
<u>REQUEST FOR DECLARATORY RELIEF</u>**


COMES NOW the Plaintiff, Stacy J. Kightlinger (the "Debtor" or "Kightlinger"),

complaining of Goodleap LLC ("Goodleap") and for causes of action would respectfully show

the court as follows:


**<u>Parties and Service of Summons</u>**

1. Plaintiff, Stacy J. Kightlinger, is an individual residing in Marion County, Texas and is

   the Debtor in bankruptcy case number 23-20104, a chapter 13 proceeding, in this Court.

2. Defendant, GoodLeap, LLC is a foreign limited liability company which may be served

   with process by service upon its Hayes Barnard, Chief Executive Officer, 8781 Sierra

College Blvd., Roseville CA 95661.

**Jurisdiction and Venue**

3. This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 USC §157(b)(1) and (2)(A)(B)(C)(K), and (O), and this proceeding is brought pursuant to 11 U.S.C. §502, 506, and 1322(b)(11), 28 U.S.C. §2201-2202, and Bankruptcy Rule 7001.

4. This matter is a core proceeding and this Court has jurisdiction to enter a final order on all causes of action; however, in the event any cause of action asserted herein should be determined to be a non-core proceeding, Plaintiff consents to the entry of a final order by this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Background and Procedural History**

6. On or about October 31, 2022, Plaintiff purchased a solar system from Alternative Solar for over $75,000. GoodLeap financed the solar system under a 25-year term with variable payments. *Exhibit 1, Proof of Claim 12-1, page 6, Truth in Lending Disclosure Statement.*

7. The solar panels are ground mounted and not installed on the roof of Debtor's home. *Exhibit 2, Photo of solar system.*

8. On November 10, 2022, GoodLeap filed a UCC Financing Statement with the Texas Secretary of State. The UCC does not list collateral and the block for "Lease/Lessor" transaction is checked. *Exhibit 3, UCC Filing Number 22-0055069382 dated November 10, 2022.*

9. On November 18, 2022, GoodLeap filed a UCC Financing statement, which lists the solar system, in the land records of Marion County, Texas. This UCC was recorded at Volume 1053, page 206 of the Marion County land records. The UCC financing statement indicates that it is a fixture filing. *Exhibit 1, Proof of Claim 12, page 16. UCC Financing Statement recorded in Marion County at Volume 1053, page 208.*

10. Debtor filed Chapter 13 bankruptcy on October 10, 2023. **Case 23-20104, ECF No. 1, Petition.**

11. GoodLeap's claim was treated in Section 3.6 of the plan. Debtor surrendered the solar system which constitutes the security for GoodLeap's claim. **Case 23-20104, ECF No. 12-1, Chapter 13 Plan.** The Chapter 13 plan was confirmed on December 15, 2023. **Case 23-20104, ECF No. 22, Confirmation Order.**

12. On December 19, 2023, Quantum3Group LLC as agent for GoodLeap filed Proof of Claim 12-1 asserting a fully secured claim of $75,565.56. **Exhibit 1, Proof of Claim 12-1 (with exhibits).**

13. As of this date, GoodLeap has not attempted to repossess the surrendered solar system.

14. Rather, on January 31, 2024, post-petition, GoodLeap filed a UCC Financing Statement Amendment with the Texas Secretary of State, adding the solar system as collateral. **Exhibit 4, UCC Financing Statement Amendment #24-00069765, dated January 31, 2024.**

15. Then, on February 29, 2024, GoodLeap filed another UCC Financing Statement extending the termination date of the UCC Financing Statement to February 28, 2029, which is past the term of the plan and expected date for entry of the discharge order. **Exhibit 5, UCC Financing Statement #24-0019621005.**

## REQUEST FOR DECLARATORY RELIEF

16. Kightlinger seeks a declaration that GoodLeap's lien is a purchase money security interest in the solar system, and not a fixture or other lien attached to Kightlinger's homestead located at 2650 FM 248, Jefferson, Texas 75657-7018.

17. The note specifies that only the solar system constitutes the collateral securing the loan. The contract specifically states:

> d   Personal Property You and we both expressly intend *that no portion of the Collateralized Goods will constitute a "fixture" attached to any real property, and that the Collateralized Goods will be removable personal property*. You also agree not to take any action that might cause the Collateralized Goods to be treated as real property or as fixtures to real property. You agree that we may make a fixture filing, if we choose, provided that you and we agree that we may enforce rights in the Collateralized Goods under the Uniform Commercial Code and not under state real estate or mortgage law. . . .
> *Exhibit 1, page 10, para 5d - Proof of Claim 12-1 "Loan Agreement" (Emphasis added).*

18. The contract further ostensibly justifies the fixture filing stating:

> a UCC financing statement and a county fixture filing are to perfect our security interest in the Collateralized Goods (**in case a third party seeks to classify the panels as a fixture**). . . . .
> *Exhibit 1, page 10, para 6e- Proof of Claim 12-1 "Loan Agreement" (Emphasis added).*

19. Kightlinger seeks an Order determining the nature of GoodLeap's lien. If an Order is entered declaring the solar system to be personal property, and that GoodLeap's lien is a purchase money security interest in the solar system alone, not a fixture lien or any type of lien against Debtor's homestead, this will clarify the nature of GoodLeap's lien for third parties, clearing the cloud on Debtor's homestead title.

20. Entry of an Order declaring GoodLeap's lien is limited to the solar system and requiring termination of the UCC Financing Statement with the Texas Secretary of State and

holding the Marion County fixture filing void will remove the cloud on the title to Kightlinger's homestead, but still preserve GoodLeap's lien and *in rem* rights.

## OBJECTION TO PROOF OF CLAIM 12-1

21. On December 19, 2023, Quantum3Group LLC as agent for GoodLeap filed Proof of Claim 12-1 asserting a fully secured claim of $75,565.56. **Exhibit 1, Proof of Claim 12-1 (with exhibits).**

22. Section 9 of the Proof of Claim form describes the lien as against "Household Good(s)/Fixture Lien(s)." **Exhibit 1, page 2 - Proof of Claim 12-1, Official Form 410, paragraph 9.**

23. Proof of Claim 12-1 inaccurately describes GoodLeap's lien. GoodLeap's lien is a simple purchase money security interest in the solar system, not a "fixture lien" under Texas law.

24. GoodLeap has failed to repossess the surrender collateral and terminate the UCC's, resulting in a cloud remaining on the title to Debtor's home. GoodLeap has created confusion as to the nature of the lien by:

    (a) describing its security as a "fixture lien" in Proof of Claim 12-1;

    (b) amending the UCC Financing Statement on file with the Texas Secretary of State after the petition was filed to "add collateral"; and

    (c) extending the termination date of the UCC Financing Statement past the projected discharge date.

WHEREFORE, PREMISES CONSIDERED, Stacy A. Kightlinger, Plaintiff/Debtor prays the Court:

    (a) Sustain Debtor's objection to Proof of Claim 12-1 to the extent that GoodLeap asserts a "fixture lien" and enter an Order declaring GoodLeap's lien is a

purchase money security lien in the solar system only;

(b) Enter an Order declaring that GoodLeap's lien is a purchase money security interest in the solar system and not a "fixture lien";

(c) Enter an Order requiring GoodLeap to terminate all UCC Financing Statements on file in Marion County and with the Texas Secretary of State so that Debtor's homestead interest is no longer impaired;

(d) Enter an Order granting Debtor authority to file a termination of the UCC Financing Statement in the event that GoodLeap fails to file a termination statement with the Texas Secretary of State;

(e) Enter an Order voiding the UCC Financing Statement on file in Marion County; and

(f) Order GoodLeap to pay the attorney fees and expenses for the cost of bringing this action and for other relief as justice may require.

Respectfully submitted,

/s/Carol Cross Stone
Attorney for Plaintiff/Debtor
TX Bar # 24064289
Law Office of Carol Cross Stone, PLLC
1118 Judson Road
Longview, TX 75601
903-759-5922 (Voice)
866-929-0734 (Fax)
Carol@CrossStone.com